**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:2004-36 |
| | ) |
| KEVIN P. FLOOD and | ) |
| RAYMOND A. RABREAU, a/k/a "J.P.," | ) JUDGE GIBSON |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on Defendant Kevin P. Flood's (Flood) Motion *in Limine*

(Document No. 216), the United States' (Government) Motion *in Limine* (Document No. 220) and

Motion for Reciprocal Discovery under Rule 16 (Document No. 264) and Defendant Raymond

Rabreau's (Rabreau) Motion *in Limine* (Document No. 265). In accordance with the following

Memorandum Opinion, Flood's Motion *in Limine* will be denied, the Government's Motion *In Limine*

will be denied in part and denied without prejudice in part, the Government's Motion for Reciprocal

Discovery will be granted and Rabreau's Motion *in Limine* will be granted subject to the Government

being permitted to make the required showing under F.R.E. 609(b) at a later time.[1]

**Flood's Motion in Limine (Document No. 216)**

Flood's former attorney, Phillip O. Robertson (Robertson), filed the motion which seeks

---

[1]The Court notes that the Government filed a "Motion in Limine As To Raymond Rabreau" (Document No. 288) addressing the F.R.E. 609(b) issue on April 23, 2007, but the Defendant's response time has not yet concluded and the Court, adhering to that deadline, will only decide the previous outstanding Government motion and Rabreau's motion on this issue.

exclusion of any statements by Flood to Wayne Vance (Vance) that would be considered co-conspirator statements because the charges of conspiracy have been withdrawn against Vance, a former co-defendant of Flood in the present indictment.[2] Apparently, the basis of this argument rests upon the fact that the charges of conspiracy originally filed against Vance in the present indictment were withdrawn, and thus without Vance being charged at this time as a member of the conspiracy, any statements made by Flood to Vance are not statements between co-conspirators. Flood also seeks a number of pieces of discovery that may be Jencks materials or may be *Brady* materials, or may qualify as both, such as written statements of Government witnesses, notes of interviews from such witnesses in the absence of statements, notes of Trooper Schaefer from a June 2004 meeting with Flood concerning "an offer given by the Defendant, Kevin Flood", plea agreements between the Government and co-defendants or Government witnesses, "additional tape" recordings which "include conversations between the confidential informant, Keith Brubaker, and the Co-defendant Kenneth Hamlin" and "any and all Grand Jury testimony from the witnesses in this matter." Motion *in Limine*, ¶¶ 12-25.

Addressing first Flood's contention that Vance cannot provide information related to co-conspirator statements made by Flood to Vance in furtherance of a conspiracy to distribute marijuana because Vance has since been dismissed as a defendant in the present indictment, the Court fails to see how the dismissal of charges against Vance prevents any future contention of the Government that Vance was in fact part of a conspiracy to distribute marijuana with Flood.

Indeed, the existence of criminal charges or an indictment against a co-conspirator is not

---

[2]Charges of conspiracy to distribute and possession with intent to distribute more than 100 kilograms of marijuana pursuant to 21 U.S.C. § 846 were dismissed by this Court pursuant to Vance entering a plea of guilty to one count of possession with intent to distribute less than 50 kilograms of marijuana at Criminal Number 3:2006-24.

2

necessary for that co-conspirator to testify as to hearsay statements made by an indicted defendant who was a member of the conspiracy pursuant to Federal Rule of Evidence 801(d)(2)(E). Un-indicted co-conspirators have been permitted to testify to statements made by their fellow conspirators who are indicted. *See U.S. v. Adkins*, 842, F.2d 210, 213 (8th Cir. 1988); *U.S. v. Ziperstein*, 601 F.2d 281, 294 (7th Cir. 1979). The *Adkins* court described its rationale as follows:

> First, Adkins apparently argues that the testimony of McClellan, with regard to statements made by Alan Milburn which inculpated Adkins in the chain of drug distribution, was not admissible under Fed.R.Evid. 801(d)(2)(E) and was, thus, improper hearsay. The basis for the objection to this testimony appears to be that McClellan was an unindicted rather than an indicted coconspirator, which, according to Adkins, makes receipt of the evidence inappropriate. Appellant cites no cases in support of such a proposition and we have found none. Rule 801(d)(2)(E), by definition, takes the statements of coconspirators outside the hearsay rule. Rule 801(d)(2)(E), of course, says nothing about whether the coconspirator has been indicted or is unindicted, and, for the rule to be applicable, it makes no difference. *Lewis,* 759 F.2d at 1339. The foundational requirements for admissibility of evidence under this rule are set forth in *Bourjaily v. United States,* 483 U.S. 171, 107 S.Ct. 2775, 2778, 97 L.Ed.2d 144 (1987). The Supreme Court said, "[t]here must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'in the course and in furtherance of the conspiracy.' " *See also Lewis,* 759 F.2d at 1342; *United States v. Jankowski,* 713 F.2d 394, 396 (8th Cir.1983), *cert. denied,* 464 U.S. 1051, 104 S.Ct. 732, 79 L.Ed.2d 192 (1984). These demands are clearly met in this case.

*U.S. v. Adkins,* 842 F.2d 210, 213 (8th Cir. 1988)(footnotes omitted).

This Court sees no difference from *Adkins* in the case *sub judice*, where Vance, as a potential witness, was under indictment along with Flood, but has since had that charge in the indictment dismissed against him. As long as the Government can prove the requisite existence of a conspiracy, identify its membership and establish that the statements made were made during the conspiracy and in the conspiracy's furtherance, the Government will satisfy the dictates of F.R.E. 801(d)(2)(E). The

3

fact that the charge of conspiracy was dismissed as against Vance neither negates the alleged fact that he was a co-conspirator along with Flood in the conspiracy as charged in the present indictment nor establishes that any statements made by Flood to Vance could not have been made during the course of the conspiracy and in furtherance of the conspiracy. Accordingly, Flood's Motion to exclude Vance's proposed testimony concerning co-conspiratorial statements of Flood is denied. However, admissibility of this testimony by Vance at trial will depend upon such testimony meeting the pre-requisites of F.R.E. 801(d)(2)(E) and *U.S. v. McGlory*, 968 F.2d 309, 333-334 (3d Cir. 1992).

Flood's second request is for various items of discovery. The Government argues that the Defendant has not complied with Local Criminal Rule of Court 16.1 regarding the requirements of conferring with opposing counsel on additional discovery requests and any such disputed requests prior to moving for a court order for such discovery materials. L.Cr.R. 16.1 (C)-(D). The Court agrees with the Government that this procedure has not been complied with in this instance, but also notes the appointment of new defense counsel which occurred after the filing of the present motion. New counsel may have resolved any such requests for discovery or may have since viewed any such items previously sought by prior counsel. Therefore, the Court will not grant this second request contained in the motion solely because of the failure of the Defendant to follow the procedure of Local Criminal Rule 16.1 and the fact that such requests may not be necessary in light of the appointment of new defense counsel. The Defendant is granted leave to properly re-file this motion under Local Criminal Rule 16.1 within seven days of the date of the attached order if the circumstances are not as the Court envisions them with respect to the production of items for the Defendant's present counsel.

4

**Government's Motion In Limine (Document No. 220) and Rabreau's Motion in Limine (Document No. 265).**

The Government has moved with respect to two items: 1) an instruction regarding a defendant's request for immunity from the Government for the confidential informant, Keith Brubaker; and 2) the admission of Rabreau's 1988 conviction[3] for purposes of impeachment at trial pursuant to Federal Rule of Evidence 609. Rabreau has responded seeking exclusion of the 1988 conviction for purposes of F.R.E. 609.

First, the Government has indicated an intention to call Keith Brubaker (Brubaker) at trial and expects that the remaining defendants will cross-examine him regarding the grant of formal statutory immunity he received, in order to "impeach his credibility". Government's Motion, p. 1. Anticipating this line of questioning the Government requests that the jury first be instructed that Brubaker only received this grant of immunity "at the request and insistence of the defendants (Flood and Rabreau) and it was the defendants, not the United States, who desired to have immunity granted to Mr. Brubaker." *Id.* at 2. Current counsel for Flood opposes this motion essentially arguing that Brubaker would have been immunized anyway. Flood's Response (Document No. 266).

The Government offers in its Reply that despite the arguments of Flood, it is unknown whether immunization would have been necessary to obtain Brubaker's testimony had the Government called him at the pretrial motions hearing. Government's Reply (Document No. 271), p. 2. The Government writes: "in order to expedite the conclusion of the motions hearing and to accommodate the defense

---

[3]It appears that Rabreau was arrested for marijuana smuggling in 1988 and subsequently convicted of this offense and sentenced in 1989. Government's Reply, Exhibit "B".

5

request for Mr. Brubaker's immunization, and for those reasons only, the United States agreed to submit the necessary documentation to permit the Court to grant immunity to Mr. Brubaker." *Id*, p. 4.  In support of its argument that a jury instruction should be issued, the Government goes on to argue its concerns for the manipulation of witnesses and judicial immunity in that defense counsel could subpoena witnesses, question them regarding incriminating matters which require invocation of the Fifth Amendment right to be free from self-incrimination, then request judicial immunity (in the absence of the Government's desire to seek statutory immunity) by claiming that the testimony is necessary to the defense, so the witness may be examined.  Thereafter, that defense counsel could use any grant of statutory immunity (obtained by the Government in lieu of the Court granting judicial immunity) to impeach the witness if he is called as a trial witness for the Government.  *Id*, pp. 5-6.  To understand this argument, *judicial* immunity must be understood.

The vehicle of judicial immunity was differentiated from statutory immunity by the Third Circuit as follows:

> First the need for "judicial" immunity is triggered, not by prosecutorial misconduct or intentional distortion of the trial process, but by the fact that the defendant is prevented from presenting exculpatory evidence which is crucial to his case.  Second, the immunity granted is a court decreed immunity; it is not achieved by any order directed to the executive, requiring the executive to provide statutory immunity.

*Gov't of V.I. v. Smith*, 615 F.2d 964, 969-970 (3d Cir. 1981).  The requirements for judicial immunity in this Circuit have been set forth in case law:

> A judge may confer immunity on a defense witness who otherwise refuses to testify if five conditions are met: the immunity is properly sought in the district court, the witness is available to testify, the proffered testimony is clearly exculpatory, the proffered

testimony is essential to the defense, and there is no strong governmental interest against the immunity. *See Government of V.I. v. Smith,* 615 F.2d 964, 972-73 (3d Cir.1980). A potential prosecution of the prospective witness is a sufficient governmental interest to countervail a grant of judicial immunity. *See United States v. Lowell,* 649 F.2d 950, 965 (3d Cir.1981).

*U.S. v. Cohen*, 171 F.3d 796, 801-802 (3d Cir. 1999).

From the record before the Court, it is unclear what the motivation of the Government was in seeking the immunity of Brubaker, a witness that it had not spoken to prior to the suppression hearing, *see* Transcript (Document No. 101), p. 183. It appears unlikely that the Government took such action without an expectation of benefit or avoidance of a detriment to its prosecution in the absence of the immunization, possibly the concern that judicial immunity would prevent a future prosecution of Brubaker, unlike the use immunity requested by the Government and authorized by this Court. Nevertheless, the Court briefly reviews the events leading to the grant of statutory immunity to Brubaker.

During Brubaker's testimony on August 4, 2005, Brubaker invoked his Fifth Amendment privilege against self-incrimination while being cross-examined by Attorney Robertson, Flood's legal counsel at that time, and as a result the questioning regarding matters that might incriminate him was suspended. Transcript, (Document No. 101) pp. 178-200. Subsequently, during a sidebar discussion on August 5, 2005, the Government considered the oral request of counsel for Vance to immunize Brubaker and indicated that that request would be forwarded to the United States Attorney for this district for consideration. Transcript (Document No. 102), p. 319. The Government then applied for immunity for Brubaker through its "Application" at Document Number 108. The request for use

7

immunity pursuant to 18 U.S.C. §§ 6002, 6003, was made in the "public interest of the United States" and such immunity was sought for the case *sub judice* and "any further proceedings resulting therefrom or ancillary thereto." Document No. 108, Exhibit "A". In open court on October 11, 2005 the Government revealed to the Court that the application for immunity had been approved by a Deputy Assistant Attorney General, but Brubaker failed to appear for the suppression hearing that day despite indicating, through his counsel, to the Government that he would be present for continued questioning. Transcript (Document No. 114), pp. 2-10. The Government also indicated its intent to call Brubaker as a witness for trial. *Id.* at p. 10. After a continuance of the hearing, the Court approved the Government's application for immunity of Brubaker on November 30, 2005 and the testimony of Brubaker was taken during the conclusion of the suppression hearing. *See* Documents 108, 131.

The Government was never forced to seek statutory immunity and could have defeated any request for judicial immunity by demonstrating that the witness sought to be immunized was also facing prosecution. Furthermore, the Government indicates its belief that the examination of Brubaker by Attorney Robertson did not seek information "necessary for the resolution of the pretrial motions". Government's Reply (Document No. 271), n. 3, p. 5. Once again, the Government could have explored this argument in response to the initial raising of the issue of judicial immunity by Flood's counsel. Such an argument, if supported, can defeat a request for judicial immunity. The Third Circuit has written: "[t]he witness must be available and the defendant must make a convincing showing sufficient to satisfy the court that the testimony which will be forthcoming is both clearly exculpatory and essential to the defendant's case. Immunity will be denied if the proffered testimony is found to be

8

ambiguous, not clearly exculpatory, cumulative or if it is found to relate only to the credibility of the government's witnesses." *Gov't of V.I. v. Smith*, 615 F.2d 964, 972 (3d Cir. 1980)(footnote omitted).

Finally, the Government's concern for "gamesmanship" by defense counsel in this situation and similar situations is duly noted, but the Court also notes that whatever might have been the motivation of the Government to seek statutory immunity, the Government now stands in the position of the party offering the testimony of Brubaker at trial, a benefit conferred in some degree by its act in seeking statutory "use" immunity. In the end, the immunity granted to Brubaker is what it is: an exchange of testimony for a promise not to use such testimony for a subsequent prosecution of an incriminating act or event described therein. Viewed in their most basic form, the events being reviewed in this motion can be described in the following terms: the Government gained a cooperating witness who it intends to call at trial and the witness avoided a prosecution based upon his own admissions.

However, even more fundamental than the Government's benefit obtained through the immunization, and its ability to defeat a request for judicial immunity, is that its request for a jury charge on the privilege of immunity conferred is based upon a request made by Flood's *former* co-defendant, Vance, not any of the current Defendants. The Court finds it inappropriate to charge the jury in a trial of Flood and Rabreau based upon actions taken by a former co-defendant in his request for statutory immunity from the Government. A request for statutory immunity was made by Vance's defense counsel and the Government responded with an application for statutory use immunity which was granted by this Court. The Government, as a result of that immunity, is now able to use Brubaker as a witness at the trial of Flood and Rabreau. The Court believes that charging the jury regarding Vance's request would not only confuse the jury but also inject an irrelevant issue into the trial. The

9

Court does not discount the fact that Flood and Rabreau's defense counsel, neither of which initiated the request for immunity, may still benefit from it if used as a basis of impeachment. However, the Government's request for a jury charge instructing the jury on the origin of Brubaker's immunity seems unnecessary considering its irrelevance to Flood and Rabreau, the confusion that may ensue from making such an instruction, the nature of the immunity conferred upon Brubaker and the Government's intended use of him as a witness at trial. The Government's request for this instruction is thus denied.

In the second part of its motion, the Government avers that it has obtained information regarding Rabreau's 1988 conviction which the Court previously excluded based upon lack of information regarding whether his release from the sentence for that conviction occurred within the ten year limit in F.R.E. 609(b). Government's Motion, pp. 2-3. Specifically the Government indicates that Rabreau's sentence for the 1988 conviction which was imposed on June 8, 1989 was for 216 months. *Id.* at p. 2. In its Reply, the Government specifically offers that Rabreau was released on January 25, 1996. Government's Reply, Document No. 269, Exhibit B. With this clarification, the Court recognizes an issue regarding the admission of this conviction pursuant to F.R.E. 609 (b).[4]

F.R.E. 609 (b) reads:

**(b) Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as

---

[4]The Government also argues that it produced Rabreau's criminal record to his defense counsel over two years ago on January 10, 2005. Government's Reply, Exhibit "A" The Court finds that Exhibit "A", a receipt for Local Criminal Rule 16.1material, is evidence that Rabreau's defense counsel has received this record and his alleged failure to receive this criminal record is not a basis for denying the present motion. Rabreau's motion is denied as to this argument.

10

calculated herein, is not admissible unless the proponent gives to the adverse party
sufficient advance written notice of intent to use such evidence to provide the adverse
party with a fair opportunity to contest the use of such evidence.

The Third Circuit has interpreted the ten year time limit as ending upon the commencement of trial.

*U.S. v. Hans*, 738 F.2d 88, 93 (3d Cir. 1984)("Normally such evidence is admissible only if either the

conviction or the witness' release from prison occurred within 10 years of the trial. Fed. R. Evid.

609(b).") Nonetheless, it is recognized that the U.S. District Court for the Eastern District of

Pennsylvania has ruled differently, finding that the ten year period ends upon the testimony of the

proposed witness as credibility becomes an issue at that time. *Pepe v. Jayne*, 761 F.Supp. 338, 342-343

(E.D.Pa. 1991), *aff'd sub nom. Pepe v. Shore Memorial Hospital*, 947 F.2d 936 (3d Cir. 1991). This

Court, however, will follow the guidance of the Third Circuit and find that trial in this matter is

scheduled to begin on May 7, 2007 and that day is more than ten years from January 25, 1996, the date

of Rabreau's release from confinement on the 1988 conviction. Therefore, in order for evidence of this

conviction to be admitted at trial, the Government must demonstrate to this Court that "in the interests

of justice, that the probative value of the conviction supported by specific facts and circumstances

substantially outweighs its prejudicial effect." F.R.E. 609(b). Such a showing is "more stringent than

the test used when the conviction is offered to impeach a criminal defendant." JACK B. WEINSTEIN &

MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 609.06[1](Joseph M. McLaughlin ed., 2d

ed. 2007). The Government has yet to make this showing and until it does, Rabreau's 1988 conviction

is inadmissible at trial in the case *sub judice*. The Government's motion seeking admission of the 1988

conviction is therefore denied without prejudice, and Rabreau's request seeking exclusion of the 1988

conviction is granted, subject to the Government being permitted to make the required showing under

11

F.R.E. 609(b) subsequent to the date of this opinion and attached order.

**Government's Motion for Reciprocal Discovery Under Rule 16 (Document No. 264)**

The Government has moved for reciprocal discovery from Flood pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) indicating that it has complied with the Defendant's request for discovery pursuant to Rule 16(a)(1)(E),(F) and (G). Flood has not responded to this motion.

The Court finds that reciprocal discovery is mandatory pursuant to Federal Rule of Criminal Procedure 16(b) based upon the Defendant's previous requests for discovery from the Government. Accordingly, Flood and Flood's defense counsel shall expeditiously comply with this rule, with production of the reciprocal discovery on or before April 27, 2007. Failure to comply with this order may result in a further order of Court ordering any necessary action as permitted by Federal Rule of Criminal Procedure 16(d).

12

AND NOW, this 25th day of April, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT: 1) Defendant Flood's Motion *in Limine* (Document No. 216) is DENIED subject to Flood being granted leave to refile the request for discovery within seven days pursuant to L.Cr.R. 16.1; 2) Government's Motion *In Limine* (Document No. 220) is DENIED with respect to the requested jury instruction and DENIED WITHOUT PREJUDICE as to the admission into evidence of Defendant Rabreau's 1988 conviction; 3) Rabreau's Motion in Limine (Document No. 265) is GRANTED subject to the Government being granted leave to make the required showing under F.R.E. 609(b) at a later time; and 4) Government's Motion for Reciprocal Discovery Under Rule 16 (Document No. 264) is GRANTED.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

13